## Commonwealth v. Litz

*Philip H. Johnston,* district attorney, for Commonwealth.

*W. Bruce Talbott,* for defendant.

FLEMING, P. J., February 24, 1937.—This matter is before us upon the petition of defendant for allowance of an appeal nunc pro tunc. This was a summary conviction under the game laws had on December 26, 1936, while the petition for this appeal was not filed until January 30, 1937.

An appeal from summary conviction by a justice of the peace is allowable nunc pro tunc, if at all, only where grounds of application appeal strongly to the equitable powers of the court, and mistake or neglect of counsel does not constitute such grounds: Commonwealth v. Preller, 23 Dauph. 376.

The transcript in this case shows some inconsistencies and some indications that defendant was led to believe that his right of appeal was not by special allocatur from this court. The information is dated January 2, 1937, whereas the warrant bears date of December 26, 1936. Neither the warrant itself nor the transcript shows any return of service thereof by the officer to whom the same was directed. The transcript certifies that hearing was held on December 26, 1936, one week before the information was sworn to by the prosecutor. We are aware, of course, that such defects are not reviewable on appeal but by certiorari, but we cite the same as an element tending to move the equitable powers of the court in allowing an appeal nunc pro tunc.

The transcript shows that the prosecutor was sworn but does not disclose the nature of his testimony at the hearing. The record is wholly devoid of any statement by the justice that after hearing proofs and allegations defendant was adjudged guilty. It shows the imposition of a fine and costs and a commitment to jail for 100 days. It further certifies, however, that defendant was released on bail for his appearance at next term of court. This the justice was without authority to do, his only authority, under the circumstances, being to commit to jail.

From the fact that bail and justification thereof was accepted by the justice, we must conclude that defendant was misled by the justice thereby. It further appears that defendant was permitted to be at large until the prosecutor, discovering the error of the justice, pressed for a commitment, whereupon the instant petition for an appeal nunc pro tunc was presented. The generally muddled facts require the allowance as prayed for.

And now, February 24, 1937, the appeal is allowed nunc pro tunc, defendant forthwith to renew and justify his bail in this court.  From Musser W. Gettig, Bellefonte.